No. 14483

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

STATE OF MONTANA, by and through its
PUBLIC EMPLOYEES RETIREMENT BOARD,

Plaintiff and Appellant,

-vs-

HUMAN RIGHTS DIVISION et al.,

Defendants and Respondents.

Appeal from: District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

J. Michael Young argued, Dept. of Admin., Helena, Montana

For Respondents:

Frederick F. Sherwood argued, Helena, Montana
Rosemary Zion, Helena, Montana

Submitted: March 22, 1979

Decided: NOV 1 1979

Filed: NOV 1 1979

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The State of Montana Public Employees' Retirement Board appeals from a decision of the Lewis and Clark County District Court which held that the Human Rights Commission must first exhaust its administrative remedies before seeking judicial review. In doing so, the District Court dismissed the request of the Public Employees' Retirement Board for a mandatory injunction or a declaratory judgment directed at the Human Rights Commission.

The essential issue with which we are concerned is whether the law is clear on its face that the Human Rights Commission has no subject matter jurisdiction to inquire into the validity of sex-based survivor annuity mortality tables used by the Public Employees' Retirement Board (hereafter referred to as the Retirement Board). The Retirement Board contends that the Human Rights Commission is deprived of subject matter jurisdiction because of an exemption written in section 49-3-103, MCA of the Human Rights Act. The pertinent part of this statute provides:

> "Nothing in this chapter shall prohibit any public or private employer:
>
> " . . .
>
> "(2) from observing the terms of a . . . bona fide employee benefit plan such as a retirement, pension, or insurance plan which is not a subterfuge to evade the purposes of this chapter, . . ." (Emphasis added.)

Based upon this statute, the Retirement Board argues that it is immune from any inquiries by the Human Rights Commission as to the conduct, operation or application of its employee benefit retirement plans.

The facts giving rise to this controversy are briefly as follows. Rose Stocks is the surviving spouse of a former state employee, and as such is entitled to benefits under the Public Employees' Retirement Act. Through the Human Rights Commission, she filed a complaint alleging that the sex-based survivor mortality tables used by the Public Employees' Retirement Plan are discriminatory. The Human Rights Commission investigated her complaint and later issued a finding of probable cause, and issued a certification of hearing notifying the Retirement Board that it had twenty days to answer this complaint.

Rather than doing so, however, the Retirement Board brought suit in District Court seeking injunctive relief from the pending administrative hearing. The Retirement Board sought an injunction against the Human Rights Commission on the grounds that such agency had no subject matter jurisdiction (based on section 49-3-103(2), MCA, supra,) and in the alternative, sought a declaratory judgment that the Human Rights Commission had no subject matter jurisdiction.

The controversy turns on the exemption provided for in section 49-3-103(2), MCA, and the language "bona fide employee . . . retirement, pension" and "which is not a subterfuge to evade the purposes of this chapter . . . ." The Human Rights Commission argued that it has primary subject matter jurisdiction to determine if a retirement plan is either "bona fide" or is "a subterfuge to evade the purposes" of the Human Rights Act (sections 49-3-101 through 49-3-303, MCA). Moreover, the Human Rights Commission also argues that the Retirement Board is not entitled to judicial review because it had not exhausted its administrative remedies.

The Retirement Board argues that section 49-3-103(2), MCA, by its own terms deprives the Human Rights Commission

-3-

of subject matter jurisdiction over the state's employee retirement benefit plan (PERS). But the District Court did not so conclude, and neither can we.

Whether the Retirement Board's retirement plan was bona fide or a subterfuge, was nothing that the District Court could determine from the allegations made by the Retirement Board. In reading section 49-3-103(2), MCA, the District Court declared in its order dismissing the suit:

> "The Court cannot make a determination whether PERS [Retirement Board] practices constitute a 'bona fide employee benefit plan' or a 'subterfuge' on the facts now before it. Findings of fact in this specialized area are a matter for agency expertise . . . The commission should have the first opportunity to determine whether PERS falls under the exemption."

We see nothing in the arguments presented to this Court that would lead us to come to a different conclusion than the District Court. Section 49-3-103(2), MCA, does not on its face, deprive the Human Rights Commission of subject matter jurisdiction. Indeed, a reading of this statute in conjunction with the entire Human Rights Act, would lead to the conclusion that the Human Rights Commission has a right, if not a duty, to determine if either a public or private employee retirement plan is in good faith or is a subterfuge used to evade the purposes of the Act. There is a complaint presently pending before the Human Rights Commission, and there is a corresponding duty of the Human Rights Commission to act on that complaint. If the retirement plan, together with its implementation, does not constitute illegal sex-based discrimination, we can only assume that the Human Rights Commission would so find. If not, the Retirement Board is not without a remedy at that time to seek judicial review of a final determination made by the Human Rights Commission.

-4-

The decision of the District Court is affirmed.  This case is remanded to the District Court with directions to send it back to the administration agency for appropriate proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-